UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MACK LEWIS,

       Petitioner,

  v.                                                                             Case No. 12-C-531

MICHAEL BAENEN,

       Respondent.

**ORDER**

      On May 25, 2012, Mack Lewis filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of reckless homicide and was sentenced to 20 years' imprisonment. He is currently incarcerated at Green Bay Correctional Institution.

      I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

      Petitioner asserts that the trial court erred by failing to ensure that he understood that an *Alford* plea meant that he was pleading guilty while maintaining his innocence. In all likelihood,

this will not support the grant of habeas relief unless the petitioner can show that his plea was not entered knowingly and voluntarily. A misunderstanding about the specific nature of an *Alford* plea will likely not render a guilty plea involuntary: what's important is that the defendant understands he is pleading guilty and is giving up the right to a trial. That said, without the transcripts or other evidence before me, I cannot conclusively determine that the petition fails to state a claim. Accordingly, the claim will be allowed to proceed.

**THEREFORE, IT IS ORDERED** that within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or

2

in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order will be sent via a Notice of Electronic Filing1 ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this     16th     day of July, 2012.

      s/ William C. Griesbach
      William C. Griesbach
      United States District Judge

3

Case 1:12-cv-00531-WCG   Filed 07/16/12   Page 3 of 3   Document 4